**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
<u>Plaintiff-Appellee,</u>

v.

No. 96-4054

KENNETH EDWARD FRANKS, a/k/a Ken
Franks,
<u>Defendant-Appellant.</u>

Appeal from the United States District Court
for the Western District of North Carolina, at Bryson City.
Lacy H. Thornburg, District Judge.
(CR-90-221)

Submitted: July 23, 1996

Decided: August 2, 1996

Before WIDENER, NIEMEYER, and MICHAEL, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Donald N. Patten, BROWN, QUEEN & PATTEN, P.A., Waynesville,
North Carolina, for Appellant. Mark T. Calloway, United States
Attorney, William Boyum, Assistant United States Attorney, Ashe-
ville, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Kenneth Edward Franks appeals the revocation of his supervised release term and imposition by the district court of a term of imprisonment comporting with 18 U.S.C.A. § 3583(e) (West Supp. 1996), and the United States Sentencing Guidelines. Franks's attorney has filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), concluding that there are no meritorious grounds for appeal, but raising three issues: (1) that the district court erred in allowing the introduction of hearsay evidence at the revocation hearing; (2) that the district judge violated Fed. R. Crim. P. 11 by allowing Franks's attorney to admit to Franks's violations of his supervised release terms; and (3) that the statutory provision allowing admission of a violation of supervised release absent a full, knowing, and intelligent waiver of the right to a hearing violates the Fifth Amendment to the United States Constitution. Franks was notified of his right to file an additional brief, which he failed to do.

In accordance with the requirements of Anders , we have examined the entire record and find no meritorious issues for appeal. We find that the district court properly revoked Franks's term of supervised release based on his admitted violations of the conditions of such release. See 18 U.S.C.A. § 3583(e)(3) (West Supp. 1996); United States v. Copley, 978 F.2d 829, 831 (4th Cir. 1992). Moreover, Franks received all the substantive and procedural rights due him, and the revocation hearing comported with the mandates of the Federal Rules of Evidence, the Federal Rules of Criminal Procedure, and Morrissey v. Brewer, 408 U.S. 471 (1972). Finally, we find that the sentence imposed by the district judge was proper under the law. See 18 U.S.C.A. § 3583(e).

This Court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further

2

review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this Court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.

AFFIRMED

3